IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YASSINE BAOUCH, *on behalf of himself and all those similarly situated,*<br>3124 Tower Oaks Drive<br>Orange Park, FL 32065<br><br>       Plaintiff,<br><br>   v.<br><br>WERNER ENTERPRISES, INC.<br>d/b/a WERNER TRUCKING<br>14507 Frontier Rd<br>PO Box 45308<br>Omaha NE 68145<br><br>   and<br><br>DRIVERS MANAGEMENT, LLC<br>14507 Frontier Rd<br>PO Box 45308<br>Omaha NE 68145<br><br>       Defendants. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Yassine Baouch ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Werner Enterprises, Inc. d/b/a Werner Trucking, and Defendant Drivers Management, LLC (collectively, "Defendants").

### INTRODUCTION

1.     Plaintiff initiates the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA") and the common-law. Specifically, Defendants unlawfully terminated Plaintiff in retaliation for exercising his statutory rights in bringing in a collective and class lawsuit pursuant to the FLSA and state law.

1

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's federal claim because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims because such claims arise from the same nucleus of operative fact as Plaintiff's federal claims.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth in the caption.

7. Defendant Werner Enterprises, Inc. d/b/a Werner Trucking (hereinafter "Defendant Werner") is a Nebraska Corporation engaged in the hauling and delivery of freight across the United States.

8. Defendant Drivers Management, LLC (hereinafter "Defendant Drivers Management") is, upon information and belief, a subsidiary corporation of Defendant Werner which is responsible for processing payroll for Defendants' employees.

9. Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. Plaintiff was hired by Defendants as an over-the-road truck driver on or about June 22, 2012.

13. Plaintiff's employment with Defendants was based in Nebraska because he (1) had his employment application processed in Nebraska, (2) reported to a manager in Nebraska; (3) reported his hours via Defendants' Qualcomm to Defendants' headquarters in Nebraska; (4) had his pay calculated by Defendants' headquarters in Nebraska; (5) received his pay directly from Nebraska; and (6) agreed (via contract prepared by Defendants) that he was an employee based in Nebraska. Moreover, upon information and belief, the decision to terminate Plaintiff was made in Nebraska.

14. During his initial period of employment with Defendants, Plaintiff was placed in Defendants' "Per Diem" program.

15. As a result of being placed in the "Per Diem" program, Plaintiff regularly received wages which amounted to under minimum wage.

16.     By way of example only, during the week of September 4, 2012, Plaintiff received a paycheck providing him only $16.71 in wages for approximately 32 hours of compensable work time.

17.     As a result of receiving significantly under the minimum wage as required by federal and state law, Plaintiff filed a class and collective action lawsuit in this Court on November 27, 2012, Docket No. 8:12-cv-00408 (hereinafter the "class and collective action lawsuit").

18.     Defendants were served with a copy of the class and collective action lawsuit on November 30, 2012.

19.     Prior the filing of the class and collective action lawsuit, Plaintiff had received no written performance or disciplinary warnings from Defendants.

20.     Nevertheless, nearly immediately following being served with the class and collective action lawsuit, Plaintiff received his first written discipline from Defendants, on or about December 18, 2012.  The write-up made false allegations and asserted multiple disciplinary infractions, some of which had allegedly occurred more than one month prior to the write-up being issued.

21.     Moreover, shortly following Plaintiff filing the class and collective action lawsuit, Defendant began forcing Plaintiff to remain idle in his truck for long periods of time without pay.

22.     As a result of such practice, Plaintiff's take-home pay decreased significantly following the filing of the class and collective action lawsuit.

23.     Plaintiff complained numerous times to Defendants' management regarding the retaliatory actions that were being taken against him, and further complained that Defendants

4

failure to pay him for time where Defendants required him to remain in his truck resulted in his pay being legally below the minimum wage.

24. Defendants failed to stop the retaliation and refused to pay him for his idle time spent in his truck.

25. Instead, on or about January 10, 2013, Defendants terminated Plaintiff.

26. Plaintiff was informed directly by his manager at the time of his termination that he was being terminated because of his arguments regarding his pay and because his complaints regarding his pay constituted Plaintiff being rude to his manager.

27. In reality, Plaintiff was terminated for filing a federal lawsuit on behalf of himself and tens of thousands of workers seeking unpaid wages pursuant to state and federal law.

## **Violations of the FLSA**
## **(Retaliation)**

28. The foregoing paragraphs are incorporated herein as if set forth in full.

29. Plaintiff's action in filing the collective and class action lawsuit constituted a protected activity pursuant to the FLSA.

30. Defendants reduce Plaintiff's pay, harassed Plaintiff, and Plaintiff because of his filing of the collective and class action lawsuit.

31. The aforementioned conduct of Defendants is in violation of FLSA.

32. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings, future lost earnings, and emotional distress.

## COUNT II
### Wrongful Discharge in violation of Public Policy

33.     The foregoing paragraphs are incorporated herein as if set forth in full.

34.     It is the public policy of this state that all employees are entitled to minimum wage. This policy is codified in Neb. Rev. Stat. §§48-1201 to 48-1209.01 which requires employers pay their employees at least $7.25 per each hour worked (the "Nebraska Wage and Hour Act").

35.     Per the Nebraska Wage and Hour Act, it is declared the policy of Nebraska to "(1) establish a minimum wage for all workers at levels consistent with their health, efficiency, and general well being, and (2) to safeguard existing minimum wage compensation standards . . . against the unfair competition of wage and hours standards which do not provide adequate standards of living."

36.     The Nebraska Wage and Hour Act is enforced by permitting an employee to file a suit against his employer for violations of the law in any court of competent jurisdiction, and is further advanced by permitting employees to file such a lawsuit on behalf of himself and other employees similarly situated.

37.     Hence, filing a lawsuit for minimum wage violations advances the public policy of Nebraska by ensuring the Nebraska Wage and Hour Act is followed by Nebraska employers.

38.     Permitting an employer to retaliate against an employee for filing a lawsuit under the Nebraska Wage and Hour Act would impede the public policy meant to be advanced by the statute.

39.     Defendants terminated Plaintiff for filing a collective and class lawsuit pursuant to state and federal law.

6

40. Defendants' termination of Plaintiff is in violation of the clear public policy of this state.

41. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings, future lost earnings, and emotional distress.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of state and federal laws;

(2) Defendants are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, and emotional distress.

(3) Plaintiff is to be awarded liquidated/punitive damages pursuant to the FLSA and the Nebraska common law.

(4) Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5) Plaintiff is to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: March 13, 2013