IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YASSINE BAOUCH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV85 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER ENTERPRISES, INC., | ) | MEMORANDUM OPINION |
| d/b/a WERNER TRUCKING, and | ) | |
| DRIVERS MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The matter before the Court on the motion (Filing No. 32) of the defendants for summary judgment. The defendants have filed a brief (Filing No. 33) and index of evidence (Filing No. 34). The plaintiff filed an untimely brief (Filing No. 35)[1] and index of evidence (Filing No. 36) in opposition of the motion. The defendants have filed a reply brief (Filing No. 39). The Court will grant the motion.

I.  FACTS

Yassine Baouch ("Baouch") is the plaintiff in the instant action. Baouch was still employed by the defendants, Werner Enterprises, Inc., doing business as Drivers Management, L.L.C. (collectively "Werner") in 2012, when he became a named plaintiff in a separate class action against Werner regarding

---

[1] This brief was filed one day later than 24 days after the motion was filed; therefore, it is untimely.

minimum wages. *See* Docket No. 8:12CV408. Prior to the filing of the class action, Baouch claims to have received no written performance or disciplinary warnings from Werner. Filing No. 1, ¶ 19. The class action suit was filed on November 27, 2012, and Baouch's first written discipline received on December 18, 2012. Filing No. 1, *see also* Docket No. 8:12CV408. According to Baouch, the subject of his discipline was fabricated and Werner has since forced him to earn less take-home pay. Filing No. 1, ¶¶ 21-22. After Baouch gave notice of his grievances, Werner terminated him on January 10, 2013. *Id.* at ¶¶ 26-27. Baouch has initiated the following action against Werner for retaliation under the Federal Labor Standards Act ("FLSA") and wrongful discharge in violation of public policy under Nebraska law. *Id.* at ¶¶ 28-41.

Werner counters Baouch's pleadings in its statement of material facts. Filing No. 33. Baouch was only employed beginning on June 22, 2012 -- so his employment record lasted just more than six months. *Id.* at ¶ 1. Beginning in September, Baouch ended his student training and became a solo driver. *Id.* at ¶¶ 6-7. Werner accuses Baouch of tardiness, inability to complete necessary work, failure to communicate, profanity, and abuse of personal time. *Id.* at ¶¶ 33-35, 42. In addition to Werner's complaints, Werner's customers complained about Baouch's

performance.  *Id.* at ¶¶ 51-59, 64.  The final straw, according to Werner, came when Baouch refused to perform his assigned work unless Werner grant him additional pay.  *Id.* at ¶¶ 70-76.

With these conflicting narratives in mind, the Court turns to whether to grant Werner's motion for summary judgment.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted by the court "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.  *Wood v. SatCom Marketing, LLC*, 705 F.3d 823, 828 (8th Cir. 2013).

The moving party bears the burden to establish that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  If the moving party does not meet its initial burden, summary judgment

must be denied even if no affidavits or other evidence have been submitted in opposition to the motion. *See id.* at 159-60. After the moving party has met its burden, "the non-moving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005).

**III. UNDISPUTED MATERIAL FACTS**

The parties have given a thorough recitation of materials facts in their briefs but only the following few will determine the outcome of this motion. *See* Filing Nos. 33, 35, 39.

> 27. Baouch filed a wage and hour FLSA, class action lawsuit against Werner on November 27, 2012.
>
> 28. Werner was served a copy of the Complaint on November 30, 2012.
>
> 29. No one from Werner criticized Plaintiff for filing the FLSA lawsuit.
>
> 30. After learning of the FLSA complaint, Hand instructed his subordinates at the Ardmore Distribution Center to treat Baouch just like they would treat any other driver.
>
> 45. On December 18, 2012, Hand and Bales counseled Baouch regarding his unauthorized use of personal drive time and his behavior

-4-

surrounding the installation of the Mobileye safety device.

69. Bullington and Bales each also testified that no one from Werner told them to build a file against Baouch or look for reasons to terminate him.

71. On January 10, 2013, Baouch sent a Qualcomm message to Bales in which he stated "THIS MESSAGE FOR BRIAN, PER OUR CONVERSATION IN THE OFFICE AS WELL AS ON THE PHONE, YOU REFUSED TO SEND ME A CONFORMATION IN REGARDS YOUR DENIAL TO PAY ME FOR TIME SPENT AT THE DC WAITING FOR A LOAD LAST NIGHT, YOU OFFERED ME 100 DOLLARS FOR ALL TIME SPENT AT THE TRUCK SHOP TO HAVE 5TH WHEEL FIXED AS WELL AS TIME LOST LAST NIGHT, I EXPLAINED TO YOU THIS IS NOT A NEGOTIATION FOR PAYMENT, BY LAW IM [sic] SUPPOSE TO GET PAID FOR ALL TIME WORKED OR SPENT WAITING TO BE DISPATCH OR ATTENDING COMPANY BUSINESS SUCH AS WAIITNG [sic] FOR TRUCK TO GET FIXED, AFTER EXPLAINING THAT TO YOU, YOU PROCEEDED TO SAY YOU DON'T [sic] HAVE TO SEND ME THAT MESSAGE AND TO JUSTIFY YOUR EXPLANATIONS, YOU HUNG UP ON ME AND CALLED BACK YOU HUNG UP AGAIN. I NEED TO GET PAID FOR WHAT I WORK FOR PER FEDERAL LAW, BEFORE I PROCEED TO DO ANYMORE WORK I NEED TO GET CONFIRMATION TO WHEN THE CORRECTION WILL TAKE PLACE, IM [sic] NOW CONTACTING DEPARTMENT OF LABOR FOR A FORMAL COMPLAINT SINCE THIS ISSUE HAS HAPPENED OVER 30 TIMES OVER THE COURSE OF MY EMPLOYMENT WITH WERNER AND NOTHING HAS EVER HAPPENED TO GET T [sic] FIXED".

>72. Bales communicated this message to Hand.
>
>73. Hand believed that Baouch's refusal to deliver the load under his control constituted a refusal of work, which is a cardinal violation of Werner policy.
>
>74. Hand made the decision to terminate Baouch's employment on January 10, 2013.
>
>76. On the morning of January 11, 2013, Hand terminated Baouch's employment with Werner during a telephone call between Baouch, Bales, and Hand.
>
>79. No one from Werner mentioned Baouch's FLSA complaint or implied that Baouch's termination was related to his complaint.

**IV. DISCUSSION**

**A. FEDERAL CLAIM**

The issue before the Court is whether the temporal relationship between Baouch's protected action and Werner's adverse actions can be sufficient to prove causal connection. Under the FLSA, a plaintiff must prove the following for his *prima facie* case: "(1) [the plaintiff] engaged in statutorily protected activity; (2) an adverse employment action was taken against [the plaintiff]; and (3) a causal connection exists between the two events." *Smith v. Fairview Ridges Hosp.*

(hereinafter "*Fairview*"), 625 F.3d 1076, 1087 (8th Cir. 2010) (quoting *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 914 (8th Cir. 2006)), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011). The Court's analysis is limited to the final element because Baouch engaged in protected conduct under the FLSA and Werner undertook various adverse actions against Baouch.

The parties argue whether Baouch can meet the *prima facie* requirements for his retaliation claim because Baouch has only argued a temporal, causal connection between Werner's knowledge of Baouch's statutorily protected class action and Werner's adverse actions toward Baouch's employment. Filing No. 33, at 23. Retaliation claims require a "but-for" causal relation between the statutorily protected activity and the employer's adverse employment action. *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1034-35 (8th Cir. 2005). Mere temporal, causal connections are generally insufficient as a matter of law to satisfy this element unless the time between the protected act and the adverse act are close.[2] *Fairview*, 625 F.3d at 1087-88 (citing *Peterson v. Scott Cnty.*, 406 F.3d 515, 524 (8th Cir.

---

[2] Eighth Circuit case law provides a basis for what constitutes "close" and the Court will address that case law later herein.

2005), *Clark Cnty. School Dist. v. Breeden*, 532 U.S. 268, 273 (2001), *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 833 (8th Cir. 2002), *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1113-14 (8th Cir. 2001), *Kipp v. Mo. Highway & Transp. Comm'n*, 280 F.3d 893, 897 (8th Cir. 2002)).  However, the undisputed material facts show no other basis of but-for causal relationship, so Baouch's temporal, causal connection must pass legal muster to survive summary judgment.  *See* Undisputed Material Facts Nos. 28, 29, 30, 69, 76.

Werner challenges Baouch's temporal connection as insufficient to establish a causal connection as a matter of law. Filing No. 33, at 23-25 (citing *Fairview*, 625 F.3d at 1087). This argument depends wholly upon how the parties measure passage of time from Baouch's statutorily protected action and Werner's adverse actions.  Because the law favors shorter temporal, causal connections over longer, more tenuous, connections, the parties favor different measurements to bolster their time lines.

1.   **Protected Act**

The first issue is which of Baouch's actions constitute a protected action for this Court to analyze.  Baouch argues in the alternative.  Within his complaint and in briefings, Baouch has consistently asserted that his class action lawsuit is the protected act and the reason for Werner's retaliation against

-8-

him.  Filing No. 1, ¶¶ 1, 14-24, 29, 30, 38, 39; Filing No. 35, at 21-23.  However, when faced with the current summary judgment motion, Baouch, for the very first time, asserted that the January 10, 2014, Qualcomm message which led to his firing was the protected act.  Filing No 35, at 24.

This argument is inappropriate.  The case before the Court, as pleaded by the plaintiff, is retaliation against the plaintiff for his class action suit, nothing more.  Baouch's January threat to file a new FLSA action indicates his grievances were not a continuation of his class action suit, but a new, unrelated action.  *See* Undisputed Material Facts No. 71.  Second, Baouch introduced this new claim in an untimely filed brief without any showing of good cause of the lateness of filing.  Filing No. 39, at 2-3.  Therefore, the Court rejects Baouch's new argument.  The protected act in question here is Baouch's wage and hour FLSA filed on November 27, 2012.  *See* Undisputed Material Fact No. 27.  However, the Court will calculate Baouch's temporal, causal connection from when Werner was served a copy of the complaint on November 30, 2012.  *See* Undisputed Material Fact No. 28.

**2. Adverse Action**

The issue is whether the Court should measure Werner's adverse action as of the time of Baouch's termination or Werner's earlier written disciplinary actions. Werner advocates for the termination dates, January 10 or 11, 2014. *See* Undisputed Material Facts No. 74, 76. Werner's first written disciplinary act against Baouch, however, was December 18, 2012. *See* Undisputed Material Fact No. 45.

In *Fairview*, the plaintiff, Ms. Smith, alleged that her employer retaliated against her through "Notice of Correction Action" filings. *Id.* at 1088. The Eighth Circuit measured from Ms. Smith's protected act to her official reprimand, not her termination. *Fairview*, 625 F.3d at 1088. The purported retaliations came approximately a month after her protected actions. *Id.* The Eighth Circuit concluded that approximately a month between protected act and adverse act was too tenuous. *Id.*

Werner incorrectly counts from the date Baouch filed the collective action (November 27, 2012) to his date of termination (January 10, 2013) to measure the temporal connection. Filing No. 39, at 18 (stating "Plaintiff cannot establish causation by temporal proximity because more than a month passed between his FLSA complaint and his **termination**.") (emphasis added). However, the true measure, according to

*Fairview*, is from the protected act to the adverse action -- which need not necessarily be termination itself. *See e.g.*, *Fairview*, 625 F.3d at 1088. Therefore, in accordance with Eighth Circuit precedent, the Court will analyze the temporal, causal connection at the time of Werner's first, written, disciplinary act against Baouch.

**3.   CONCLUSION**

In applying the principles above to the undisputed material facts here and construing the facts in the light most favorable to the nonmoving party, the Court calculates the temporal relationship between when Werner was served the action (November 30, 2012) to Werner's first official written discipline of Baouch (December 18, 2012) to be 19 days, or two and one-half weeks.

This Court concludes that two and one-half weeks is insufficient to establish a temporal, causal connection as a matter of law. *Harris v. QCA Health Plan, Inc.*, No. 4:10CV85-DPM, 2011 WL 1457597, at *5 (E.D. Ark. Apr. 15, 2011) (concluding a temporal, causal connection of "about three weeks" was insufficient), *aff'd* 452 Fed. Appx. 702 (8th Cir. 2012), *cert. denied*, 133 S.Ct. 648 (2012); *compare Smith*, 302 F.3d at 833 (concluding a two-week temporal, causal connection was "extremely close in time" and sufficient), *and Sprenger*, 253 F.3d at 1113-14

(concluding a temporal, causal connection of a "matter of weeks" was sufficient), *with Fairview*, 625 F.3d at 1088 (concluding a temporal, causal connection of "approximately one month" was insufficient).

**B.    NEBRASKA CLAIM**

The parties agree that Nebraska Wage and Hour Act analysis is the same as Federal Labor Standards Act analysis. Filing No. 35, at 30. The Court incorporates its previous analysis and determines that Baouch has failed to establish a Nebraska Wage and Hour claim for those same reasons. A separate order will be entered in accordance with this memorandum opinion.

DATED this 1st day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court